**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOAPA BAND OF PAIUTES; SIERRA
CLUB, INC.,

        Plaintiffs - Appellants,

 v.

BUREAU OF LAND MANAGEMENT;
SALLY JEWELL; AMY LUEDERS,

        Defendants - Appellees,

NEVADA POWER COMPANY,

        Intervenor-Defendant -
Appellee.

No. 11-17672

D.C. No. 2:10-cv-02021-KJD-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted November 6, 2013

San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and NGUYEN, Circuit Judges, and DUFFY, District Judge.**

Plaintiffs Moapa Band of Paiutes and the Sierra Club appeal the district court's grant of summary judgment in favor of the U.S. Bureau of Land Management ("BLM") and other federal defendants, and intervenor-defendant Nevada Power Company ("NPC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that BLM complied with the National Environmental Policy Act ("NEPA") in evaluating the potential environmental consequences of the proposed expansion of the Reid Gardner Generating Station in its environmental assessment ("EA"), and in deciding not to prepare an environmental impact statement ("EIS"). "NEPA mandates that federal agencies prepare an EIS for major federal actions 'significantly affecting the quality of the human environment.'" *Cold Mountain v. Garber*, 375 F.3d 884, 892 (9th Cir. 2004) (quoting 42 U.S.C. § 4332(2)(C)). "Not every project necessitates an EIS," however, as not every project will significantly affect the environment. *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 864 (9th Cir. 2005). "[T]o determine whether the environmental impact is significant enough to warrant an

---

** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

EIS," an agency first prepares an EA. *Id.* If the agency determines following an EA that "the project will have only an insignificant effect," it issues a finding of no significant impact and needs not draft an EIS. *Id.* Throughout this evaluation process, agencies must "take seriously the potential environmental consequences of a proposed action." *Id.* Accordingly, "[w]e have termed this crucial evaluation a 'hard look.'" *Id.* (quoting *Kern v. U.S. Bureau of Land Mgmt.*, 284 F.3d 1062, 1066 (9th Cir. 2002)).

In reviewing an agency's action, a court may set it aside, inter alia, if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The standard is deferential. The court 'may not substitute its judgment for that of the agency concerning the wisdom or prudence of [the agency's] action.'" *River Runners for Wilderness v. Martin*, 593 F.3d 1064, 1070 (9th Cir. 2010) (alteration in original) (quoting *Or. Envtl. Council v. Kunzman*, 817 F.2d 484, 492 (9th Cir. 1987)). Thus, "[t]he [agency's] action . . . need only be a reasonable, not the best or most reasonable, decision." *Id.* (second and third alterations in original) (quoting *Nat'l Wildlife Fed. v. Burford*, 871 F.2d 849, 855 (9th Cir. 1989)).

The district court correctly determined that, under this deferential standard, BLM had taken the requisite "hard look" at the project's potential environmental

3

impacts. The EA is poorly written in places, but BLM's analysis is not so deficient as to be arbitrary or capricious. Moreover, in light of the deferential standard under which we review BLM's actions, plaintiffs were unable to demonstrate that BLM's decision to decline to supplement the EA following plaintiffs' post-EA submission of additional information was arbitrary or capricious. We therefore do not address the question whether a notice to proceed constitutes "major Federal actio[n] to occur," *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 374 (1989) (alteration in original) (internal quotation marks omitted).

The district court correctly determined that BLM's current regulations permit the disposal of hazardous waste on public lands under the Federal Land Policy and Management Act, in light of the deference we owe to BLM's interpretation of its own regulations under *Auer v. Robbins*, 519 U.S. 452, 461 (1997). Even if BLM erred in designating the waste as nonhazardous, it nonetheless has the authority under its regulations to permit its disposal. In BLM's EA, discussion of the potential hazardousness of the waste material went only to BLM's analysis of its own authority to permit the disposal; it did not appear to factor into its finding of no significant impact. As it is clear that BLM would have reached a permissible finding of no significant impact even had it determined that the waste material was hazardous, any error in the EA was harmless, *see Kazarian*

4

*v. USCIS*, 596 F.3d 1115, 1119 (9th Cir. 2010), and did not constitute an

impermissible post-hoc rationalization.

   **AFFIRMED.**